IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40169
Summary Calendar

_____

GREGORY JEROME DAY,

                                        Plaintiff-Appellant,

versus

ROGERS, Chief, EVELYN WELLS ROBISON;
RICK BOYLE, Captain; TWO UNKNOWN NAMED,
Two unknown Named Galveston Police Officers,

                                        Defendants - Appellees.

********

GREGORY JEROME DAY,

                                        Plaintiff-Appellant,

versus

CHIEF ROGERS; EVELYN WELLS ROBISON;
JOHN DOE, 1; JOHN DOE, 2,

                                        Defendants-Appellees.
- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-487 & G-96-CV-619
- - - - - - - - - -
September 19, 1997
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gregory Jerome Day appeals the dismissal of his suit brought in forma pauperis under 42 U.S.C. § 1983.  Day argues that the district court abused its discretion when it dismissed his suit under 28 U.S.C. § 1915 as time-barred.  Day contends that he was suffering from disabilities which tolled the applicable limitations period.

In § 1983 suits, federal courts borrow the forum state's personal-injury limitations period and any applicable state tolling provisions.  See Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).  Texas has a two-year limitations period for personal-injury actions.  See TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a) (West Supp. 1997); Moore McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  The limitations period is tolled, however, if the plaintiff is of unsound mind when the cause of action accrues.  See TEX. CIV. PRAC. AND REM. CODE ANN. § 16.001(a),(b) (West 1986 & Supp. 1997).

Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues.  Moore, 30 F.3d at 620-21.  Under the federal standard, the limitations period begins to run from the moment the plaintiff knows or has reason to know that he has been injured and who has inflicted the injury.  Id.  Day's cause of action accrued on April 3, 1992, when the police officers allegedly ran into him and broke his leg.  Therefore, the limitations period

for Day's cause of action ended on April 3, 1994, unless it was tolled by a disability.

In his objections to the magistrate judge's report, Day alleged that he began taking medication in 1992 for "prior psychosis." Day also alleged that his treatment lasted until October 1995. The district court did not request that Day substantiate his allegation. If Day was of "unsound mind," as defined by Texas law, when his cause of action accrued, then the limitations period would have been tolled until October 1995. Day's initial complaint, which was filed on August 27, 1996, would have been timely because it was filed within two years of the date that his disability ended.

The district court failed to determine whether Day was of unsound mind when his cause of action accrued. Day's pleadings do not show that his complaint lacks an arguable basis in law or fact. Therefore, the dismissal of his complaint as frivolous was improper. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Accordingly, the district court's judgment dismissing Day's § 1983 claim is REVERSED. The case is REMANDED to the district court so that it can address Day's factual allegations of unsound mind. Day's motion for production of documents is DENIED.

REVERSED AND REMANDED. MOTION DENIED.